**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SPECIALIZED LOAN SERVICING, LLC,

        Plaintiff,

        v.

CLAUDE H. ALBERT, et al.,

        Defendants.

Civil Action No. 16-3233 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Specialized Loan Servicing, LLC's ("Plaintiff") Motion to Remand to the Superior Court of New Jersey pursuant to 28 U.S.C. §§ 1332 and 1441(b)(2). (ECF No. 3.) Pro se Defendants Claude H. Albert and Ilona Albert (collectively, "Defendants") opposed Plaintiff's Motion by filing a Motion to Dismiss the residential foreclosure action, an Answer with Counterclaims, and an Application for a Temporary Restraining Order ("TRO"). (ECF Nos. 4-1, 5, 9.) Plaintiff replied. (ECF Nos. 6, 11.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Plaintiff's Motion to Remand to State Court.

## I.    Background

    This matter arises from a residential foreclosure action initiated by Plaintiff in state court. On October 22, 2009, Defendants executed a fixed rate note in the amount of $207,000 (the "Note") in favor of Suntrust Mortgage, Inc. ("Suntrust"). (Compl. ¶¶ 1, 3, ECF No. 5-1; Pl.'s Mot. to Remand Br. 2, ECF No. 3-2; Pl.'s Mot. to Remand Ex. A, ECF No. 3-3.) To secure the

Note, Defendants entered into a mortgage agreement (the "Mortgage") with Mortgage Electronic Registration Systems ("MERS").[1]   (Pl.'s Mot. to Remand Ex. B, ECF No. 3-4.)   On November 5, 2009, the Mortgage was properly recorded and secured against real property located at 58 Shelburne Drive, Ewing, New Jersey, 08638 ("Encumbered Property").[2]   (Compl. ¶¶ 4, 12.)   On or about August 1, 2014, Defendants defaulted on the Note and Mortgage.   (Pl.'s Mot. to Remand Br. 2.)   Defendants failed to make the contractually due payment on August 1, 2014 and all payments thereafter.   (*Id.* at 3.)   Following Defendants' default on their Mortgage, Plaintiff initiated a residential foreclosure action in the Superior Court of New Jersey on May 2, 2016.   (*Id.*)

## II.   **Legal Standard**

It is well-established that federal courts are courts of limited jurisdiction.   *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).   "[Federal courts] have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."   *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).   A federal court is required to determine whether it has jurisdiction even if the parties to an action have not made a jurisdictional challenge.   *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993).

An action filed in a state court may be removed to the appropriate federal district court by the defendant if that district court would have had original jurisdiction over the matter.   *See* 28 U.S.C. § 1441(a).   To effect removal, the defendant must file a notice of removal, "containing a

---

[1] MERS is a company that acted as a nominee for Suntrust regarding Defendants' Encumbered Property.   (Compl. ¶ 1.)

[2] The Mortgage was subsequently assigned and Plaintiff recorded the Mortgage in Mercer County.   (Compl. ¶ 4.)

short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *See* 28 U.S.C. § 1446(a). The removing party bears the burden at all stages of litigation to demonstrate that the case is properly before the court, namely that the federal court has subject matter jurisdiction over the action. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). In other words, "the burden of establishing removal jurisdiction rests with the defendant." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995). The Third Circuit has further clarified that "[r]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

## III.   Discussion[3]

When "[r]uling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff['s] complaint at the time the petition for removal was filed." *Id.* The Court "must assume as true all factual allegations of the complaint, and while nominal or fraudulently joined parties may be disregarded, indispensable parties may not." *Id.* (internal citations omitted). Defendants removed the matter to federal court pursuant to 28 U.S.C. § 1446(c)(3) and then filed a motion to dismiss, arguing: (1) insufficient process; (2) lack of service of process; (3) lack of jurisdiction; (4) failure to join a real party in interest to the

---

[3] Generally, courts must be mindful of a litigant's pro se status when examining the filing of a pro se complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As such, pro se complaints and pleadings are liberally construed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 322 (3d Cir. 2001). In the instant case, Defendants are pro se. Given the liberal construction afforded to pro se complaints and pleadings, the Court has reviewed Defendants' Motion to Dismiss (ECF No. 5), First Amended Motion to Dismiss (ECF No. 9), and Reply to Response to Motion (ECF No. 12) to ascertain Defendants' opposition arguments to Plaintiff's Motion to Remand.

Encumbered Property; and (5) failure to state a claim. (Defs.' Mot. to Dismiss 1, ECF No. 9.)[4]

Defendants raise a myriad of unpersuasive arguments in support of removal. Ultimately, the Court

finds that removal violates 28 U.S.C. § 1441(b)(2) and that Defendants fail to demonstrate federal

question jurisdiction. The Court will examine each in turn.

### A.      The Removal Violates 28 U.S.C. § 1441(b)(2)

Pursuant to 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the

basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in

interest properly joined and served as defendants is a citizen of the State in which such action is

brought." Here, Defendants allege removal on the basis of diversity jurisdiction.   Because

Defendants are citizens of the forum state, their removal of the matter from state court contravened

28 U.S.C. § 1441(b)(2).[5]   *See* 28 U.S.C. § 1441(a); *Ayala-Castro v. GlaxoSmithKline*, 624 F. Supp.

2d 396, 410 (E.D. Pa. 2009).   The Court, therefore, concludes that this matter is not removable

solely on the basis of diversity jurisdiction.   *See* 28 U.S.C. § 1441(b)(2).

---

[4] The Court notes that Defendants' Motion to Dismiss is improperly numbered and, therefore, the Court relies on the page numbers generated by the electronic filing system.

[5] In support of their diversity jurisdiction allegations, Defendants also argue that there is complete diversity among the parties based on a trust Defendants created, entitled "Hudson James Trust," allegedly a citizen of Texas. For purposes of diversity jurisdiction, the citizenship of the trustee and/or the beneficiary controls in determining the citizenship of a trust. *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 205 (3d Cir. 2007). The Court, however, need not engage in a detailed analysis. First, counsel did not enter an appearance on behalf of Hudson James Trust or its trustee. In addition, Defendants plead that they transferred their interest in the Encumbered Property to Hudson James Trust via an unrecorded, quitclaim deed in April 2016. (Defs.' Mot. to Dismiss 2.) Defendants defaulted on their loan payments in April 2014. Here, it is clear to the Court that Defendants were properly served and as forum Defendants, improperly removed the matter. The Court, therefore, concludes that the mere additions of the trustee's name to pleadings, as Defendants appear to contend, is insufficient to justify removal.

**B.      Defendants Fail to Demonstrate Federal Question Jurisdiction**

Plaintiff's Complaint does not raise a federal question and Plaintiff argues that Defendants' affirmative defenses are insufficient for removal. (Pl.'s Mot. to Remand Br. 6-7.)  Specifically, Plaintiff asserts that it relies solely on state law in its Complaint. (*Id.*; *See* Compl. 1, 4, ECF No. 5-1.)  Additionally, Plaintiff has relied on state law in its motion to remand. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "'[F]ederal question' cases . . . [are] those cases 'arising under the Constitution, laws, or treaties of the United States.'" *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331). The well-pleaded complaint rule provides that federal jurisdiction only exists where a plaintiff has presented a federal question on the face of plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). Here, Plaintiff relies solely on state law in its foreclosure action and in its motion to remand. (Compl. 1, 4.)  The Court, therefore, concludes that federal question jurisdiction does not exist in the present matter.

Defendants argue that their affirmative defenses are sufficient to justify removal to federal court.[6]  (Notice of Removal 3, ECF No. 1.)  Courts generally disregard assertions of federal defenses, because "the preclusive effect of a prior federal judgment, or the pre-emptive effect of a federal statute . . . will not provide a basis for removal." *Beneficial Nat'l Bank*, 539 U.S. 1 at 6 (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 478 (1998). Here, Defendants do not dispute

---

[6] These affirmative defenses include fraud, coercion, civil conspiracy, and violations of the Truth in Lending Act, Fair Debt Collections Practices Act, Unfair Business Practices, Deceptive Trade Practices, and Title 18 Section 2116.

that Plaintiff's Complaint fails to raise a federal question, and they only raise affirmative federal defenses to support removal. Similar to Defendants' other arguments in favor of removal, the Court finds Defendants' affirmative defenses argument unpersuasive. Accordingly, the Court concludes that Defendants fail to establish removal jurisdiction. *See Dukes*, 57 F.3d at 359.[7]

## IV.    Conclusion

For the reasons set forth above, Plaintiff's Motion to Remand to Superior Court of New Jersey is granted. An order consistent with this Memorandum Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Date: January 30, 2017

---

[7] As the Court is remanding this matter, it declines to reach Defendants' Motion to Dismiss or Application for a TRO. Those motions are more appropriately raised before the state court.